Good morning, Your Honors. May it please the Court, my name is Helen Liu, and I, along with Riley Stoller, are student counsel representing petitioner Mr. Fernando Araujo-Flores. And we are here today with our supervising attorneys, Gary Watt and Steven Tallefield. And, Your Honors, at this time, I hope to reserve about three minutes of my time for rebuttal. I'll help you. Thank you, Your Honors. Go ahead. Your Honors, this Court should grant Mr. Araujo-Flores' petition for review because the BIA and the IJ impermissibly apply the modified categorical approach. And, Your Honors, first, this Court's decision in Coronado v. Holder is distinguishable from this case. In Coronado, the statute at issue was a possession statute where jury unanimity as to the specific substance was required for conviction. Here, the statute at issue is an intoxication statute where jury unanimity as to the specific substance is not required for conviction, and this statute does not contain Question, though, jury unanimity or proof beyond a reasonable doubt that the person, that it was a controlled substance? Both, Your Honor. So, as defined by the Supreme Court in Day Camp, an element is defined by, an element is a portion of the statute that the jury must find unanimously and beyond a reasonable doubt. Doesn't the jury need to find unanimously that it was a controlled substance? That's correct, Your Honor. So, it does need to find that a controlled substance was involved. I guess the problem I'm having with your argument is that your argument is that the statute is divisible. It's not divisible. I'm sorry, indivisible. And then from that premise, your argument flows. If we decide the opposite, that the statute is, in fact, divisible, then do you lose? No, Your Honor, because even under the modified categorical approach, the BIA erred in its application of the modified categorical, of the modified categorical. Explain that. Explain the latter part to me. So, the BIA and the IJ misapply the modified categorical approach because it ignored this Court's decision in Vidal. However, this Court doesn't even get to that question without first deciding whether or not the statute is divisible. No, I understand. I understand that. I want you to go to the second part of the argument just for purposes of answering my question. Sure, Your Honor. And, yes, so the BIA and the IJ erred in misapplying the modified categorical approach by ignoring this Court's precedent in United States v. Vidal. And here, there is no plea colloquy actually stating what the charges were that Mr. Fernando Araujo-Flores actually pled guilty to. And the only document- But here, there is a charge that specifies the substance. As I recall, in Vidal, there was no such specification. In Vidal, there was specificity in the charging document that he was the principal in the crime. However, here, the charging document is the only document here that actually lists the substance.  And here, it's the statute plus the identification of the substance. That's correct. But Vidal still can't apply here because Vidal held that when the record of conviction contains a charging document and the judgment, then the judgment must contain the critical phrase, as charged in the information. But it's a one-count information. Yes, Your Honor. So what kind of legal fiction are you asking us to apply here? I mean, I'm looking at a judicially noticeable document, which is the charge itself, and it lists the language under the influence of a controlled substance, 2-wit methamphetamine. Right, Your Honor. What more do we need to look at at that point? There is ambiguity in these documents. What's ambiguous about that? Because given the fact that there are oral amendments in California, the charges might have changed from the time of the – when the charges were entered. What evidence do you have that that happened? In Vidal, it was – Evidence suggests that that's exactly what he planned to. No, Your Honor. In Vidal, it actually – that was one of the concerns by this Court in Vidal, the fact that charges could be orally amended, and therefore, the allegations tied to count one in the charging document could be totally different than the allegations tied to count one in the plea. So are we back to the question? Wait. Are you suggesting that the guy pleads to a bunch of air? No, Your Honor. It could be the case, though, that Mr. Araujo Flores, at the plea, actually disputed what the substance was, and that there wouldn't be any record of what he actually pled guilty to because there is no plea colloquy here in this record. And in Vidal, this Court had expressed the absence of a plea colloquy makes the – makes the record ambiguous. And here, the record is ambiguous. And considering, in light of the concerns expressed by the Supreme Court in Date Camp, this Court should follow the rule in Vidal because there is – this Court cannot be certain. You're conflating your arguments here. We're back to the divisible-indivisible. And I'm really – I'd like you to focus on the modified categorical approach because, quite candidly, I don't buy the premise of your argument. I think the statute is divisible. So if that's the case, I want to know, given the evidence that was before the Board, how the modified categorical approach was inappropriately applied here by the Board. The decision in Date Camp is helpful here. While the Supreme Court's decision was limited to whether or not the modified categorical approach could be applied in the first instance, the fact that at the heart of Date Camp was certainty and whether or not courts can actually be certain of what the conviction was. Okay. And what – I mean, in looking at all of the judicially noticeable documents here, why does that not establish by the statutory standard of substantial evidence that the Board's decision that he was convicted of methamphetamine influence was incorrect? Because there is a fact that there are – in reality, in California, there are oral amendments. We're back to the language out of Duenas-Alvarez that we were discussing in the last case, and that is realistic probability. And what can you point to in this case that suggests that there is a realistic probability that he was actually convicted of something else in the face of the record here? Well, the government has the burden to establish that it is clear that – The burden is substantial evidence. And I'm looking at, what, four different documents, all of which basically refer to the same one-count charge that charges amphetamine. Right. But the charging document here is the only document that actually states methamphetamine. All of them – all the other documents do not list out the substance that was actually involved. And there is – it is a possibility in California that the charges could have changed, and because there's no plea colloquy, this Court cannot know for certain that Mr. Araujo Flores necessarily pled guilty to all the allegations in the charging document. And that was the concern expressed in Vidal. Well, in Vidal, we had a West plea, and we had a charge that was actually modified along the way. So it could be credibly argued and was argued in Vidal that the Court could not be sure. In this case, what's the source of uncertainty other than a theoretical possibility for which I don't find any support in the record? It's not a theoretical possibility because, in reality, it could have happened. Well, it could have happened sounds to me like a theoretical possibility. So what's – is there anything in the record that suggests that it actually did happen? There's nothing in the record to establish that for a fact, but this Court still cannot be certain that that was actually what happened. Well, I mean, what do you mean by can't be certain? How much certainty do we need to be certain? I mean, there are lots of propositions that I may not be certain about, but we're willing to act upon. In Vidal, you had a context where there was – and you likely know I dissented or joined the dissent in Vidal, but I understood the context was one where there were reasons to believe that maybe something had happened because it was – or that there was something different because there had been a West plea. And some very – I don't see anything like that here. Right, but the Vidal rule has not been limited to just people versus West plea. This Court has. Oh, hasn't it? In fact, hasn't our Court in subsequent decisions applied a rule very much like the one that we have in front of us now in Valderrama Torres, for example? Right. So this Court has – this Court – and Petitioners will do acknowledge that this Court has followed the Kibantik line of reasoning with respect to these cases, but in light of the concerns expressed in De Camp, which is that courts have to be certain, this Court should follow the rule in Vidal and find that when there is no plea colloquy here, then the record must state that the defendant pled guilty to the information or as charged in the information. And here we do not have that here. And this Court has actually applied the rule in Vidal in controlled substance cases, such as in United States v. Lee, in which that was a controlled substance case. And this Court emphasized that the critical phrase was important to actually establish that the defendants necessarily admitted to all the allegations in the charging document. And therefore, this Court should apply the rule in Vidal. However, to go back to the issue of divisibility, this Court cannot even get to the modified categorical approach because the statute here is not divisible. In California, it's strongly suggested in California that jury unanimity is not required for there to be conviction under the intoxication statute. If we take the California jury instruction, the jury is actually told in the instruction itself that the element involved a certain offense to wit and then it's listed. So doesn't that require unanimous determination? No, Your Honor. So the jury instruction does state that controlled substance was an element, but the namely in the blank space only serves to modify the controlled substance element and does not elevate. It doesn't modify it. It explains to the jury that the substance that the defendant was charged with is, in fact, a controlled substance in California. It's the equivalent of the Court giving the jury an instruction as a matter of law that, in this particular case, methamphetamine is a listed controlled substance. While the jury instruction may be instructive, in reality, that is actually not what happens in California. The reality is on that instruction, the jury is told to find by proof beyond a reasonable doubt and you must all unanimously agree that that element is established. Right. So the element of controlled substance is established, but not as to the specific substance involved. So one jury could find that. You know, your argument to me is hair splitting of the highest order in the face of what actually occurs. What actually occurs is that there is no jury unanimity as evidenced by the jury verdict form where the jury actually listed two different substances that were involved and there was still a conviction nevertheless. And this makes sense. Well, it was a guilty plea. Yes. I'm not sure what we're talking about in a jury verdict. This guy pled guilty. So what reason do we have to think he pled guilty to something other than what he appeared to plead guilty to? In our case, yes, Mr. Rahul Flores did plead guilty. But whether or not it's an element has to depend on whether or not there is jury unanimity. And jury unanimity is not required in the intoxication statute. Do you want to take some time for rebuttal? Yes, Your Honor. Thank you. Why don't we hear from the government? Good morning again, Your Honors. Lindsay Murphy on behalf of the Attorney General. Here, the Petitioner's challenges to his removal order are foreclosed by this Court's recent ruling in Coronado v. Holder. The California statute at issue is not indivisible under DeCamps, as Petitioner contends. And accordingly, the agency properly applied the modified categorical approach to conclude that the Petitioner pleaded guilty not once but twice to violating a law relating to a federally controlled substance. With respect to Vidal, the Petitioner's reliance on Vidal, Vidal is inapplicable here. As Judge Clifton had mentioned, the charge that the Petitioner had pleaded guilty to was actually a modified charge. Here, there's absolutely no suggestion in the record that the Petitioner's charge was ever modified in any way. Furthermore, as this Court demonstrated in Coronado, the Board properly followed this Court's reasoning in Kabantak and Snellenberger in relying on the minute order and the plea agreement. The Court has found that those two documents are sufficient so long as the plea agreement indicates, as did in this case, that the Petitioner pleaded guilty to a specific count. Here, the plea agreement shows that the Petitioner was charged under count one with using or being under the influence of methamphetamines, and the plea agreement clearly demonstrates that he pleaded guilty to count one. And that's sufficient to show that he violated a law relating to a federally controlled substance. Furthermore, as shown in Coronado, the statute at issue here is divisible under discounts, and therefore, the modified categorical approach applies. Contrary to the Petitioner's position, this isn't a situation where you have, where the jury doesn't have to identify a specific drug in order for the agency to demonstrate that a federally controlled substance was involved. Here, as the jury instructions clearly demonstrate, they have to identify a specific drug and literally fill in the blank. So there's really no possibility here under the modified categorical approach that an alien would be found removable for violating a law relating to a controlled substance if that controlled substance, as identified by the jury, was not federally controlled. If the Court has no further questions, we'll submit. I think we have nothing more. Okay. Thank you. Your Honors, the statute here is different than Coronado, and it is not a divisible statute. Contrary to what the government states, a jury unanimous finding is not required as to the specific substance involved. As evidenced by the jury verdict form, which is a, which is attached to the statute, motion to take judicial notice, it only goes to show that jury unanimity is not required for conviction, which makes sense in California. As stated by the First District for the California Court of Appeal and Solace v. Municipal Court, it is almost impossible to actually identify the specific substance involved in an intoxication statute, because unlike a possession case, the evidence of the controlled substance is gone, and all that the prosecution has to go off of is behavior and conduct. And that behavior and conduct can be consistent with use or related to several different controlled substances listed in the schedule. And therefore, because the jury can't unanimously find that controlled substance, therefore the statute here is not a divisible statute, and this Court can't even get to the modified categorical approach in the first instance. And with respect to the modified categorical approach, the DOLC should still apply in light of the concerns expressed by the Supreme Court in De Camp, which states that courts must be certain as to what the conviction is. And inferring that Mr. Raul Flores pled guilty to being under the influence of methamphetamine would deprive Mr. Raul Flores the benefit of his guilty plea. Courts cannot hold Mr. Raul Flores responsible for conduct that he did not necessarily admit to, and that was a concern expressed in De Camp. And because so therefore this Court should grant Mr. Raul Flores his petition. I hear your argument, and I guess it would make sense if this charge was far more complicated than it is. But it's a very simple charge with a very simple articulation of the controlled substance that he was charged with being under the influence of. And we don't really need to look much beyond the information and the fact that he pled to it in order to make that determination. But here there's no plea colloquy actually stating what he pled guilty to, and that is a concern. But this is not like People v. West or what we would call in the Federal system an Alford plea, where the defendant essentially says, I'm not going to admit that I'm guilty, but I will concede that if the prosecution went forward, there's enough evidence here on which I could be convicted of the charge. I mean, here it's a very simple charge. But that still does not erase the doubts and the uncertainties that still might exist, given the fact that California does allow oral amendments. Okay. Thank you very much for your argument. And my thanks to, this time it is UC Hastings, right, for taking on the representation. We'll get you an answer as soon as we can. And the case is submitted for decision.
judges: Duffy, Tallman, Clifton